Negroni Cintron, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El 2 de junio de 1995 Miguel A. Cruz Matos presentó el recurso que nos ocupa para que revoquemos una orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 18 de abril de 1995 y notificada el 3 de mayo de 1995. Mediante este dictamen el foro recurrido se negó, en primer término, a concederle al peticionario un plan de pago que éste solicitó para satisfacer la pensión alimenticia pendente lite que el tribunal había fijado y que el peticionario había acumulado durante el período comprendido entre la fecha en que la recurrida instó la demanda de divorcio contra el peticionario y la fecha en que el tribunal de instancia fijó la pensión. En segundo término, denegó una moción del peticionario para que le ordenara a la recurrida que contestara un interrogatorio que el primero le había cursado a esta última, que en lo pertinente le solicitaba a la recurrida una Certificación de la Compañía Herbarlife of America, Inc. en lo sucesivo, "Herbarlife,", en la que debía acreditar los pagos que le había efectuado a la recurrida.
El 12 de junio de 1995 la recurrida compareció por escrito y se opuso a la expedición del auto. Ello no obstante, el 28 de junio del mismo año emitimos una resolución dirigida a la recurrida para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar el dictamen de instancia en cuanto a aquella parte que la relevó de entregarle el certificado de ingresos requerido por el peticionario mediante la utilización de los medios de descubrimiento de prueba que permite el artículo 16 de la Ley Especial de Sustento de Menores, 8 L.P.R.A., secc. 515.
La recurrida no respondió a la anterior resolución, pero el 14 de septiembre del 1995 compareció en autos informando, en síntesis, que había realizado gestiones con Herbarlife para que ésta produjera una relación de los pagos que le había hecho a la recurrida; que Herbarlife había expedido dicha relación y ésta incluia los estados y cheques enviados a la recurrida hasta la fecha de la solicitud y que esta relación debía sustituir la que requiere la Ley Especial de Sustento de Menores, supra. Informó, además, que no obstante lo antes expuesto le había solicitado a Herbarlife que le produjera la certificación por separado que interesaba el peticionario.
El 25 de octubre del mismo año la recurrida compareció nuevamente mediante escrito titulado Moción Informativa en la qué nos indicó que había obtenido de Herbarlife la referida certificación en la que se incluian los pagos efectuados a la recurrida en su capacidad de distribuidora independiente desde la fecha en que comenzó con Herbarlife, el 1 de diciembre de 1993 hasta "el presente". Informó, además, que le había entregado el original de dicha certificación .al peticionario en corte abierta el día de la vista en su fondo del divorcio.
Atendido lo expuesto en esta moción, el 3 de noviembre de 1995 emitimos una resolución dirigida *1361 al peticionario para que, toda vez que la entrega de la certificación de Herbarlife tornaría.en académico el recurso antes nos en cuanto al primer error señalado en éste, nos expresara si desistía de dicho señalamiento de error. En cumplimiento de nuestra resolución, el peticionario compareció mediante moción y nos informó que había recibido la certificación, pero que tenía reparos a la corrección de lo acreditado en ella por Herbarlife. Nos indicó, además, que constituia un esfuerzo inútil continuar requiriendo una certificación que reflejara lo que el peticionario estimaba eran los verdaderos ingresos de la recurrida y que "...estaría dispuesto a desistir del requerimiento de otra certificación de ingresos en lo que respecta al presente recurso..." si este Foro le ordenaba a la recurrida que aclarara ciertas inconsistencias entre la certificación de ingresos y las declaraciones vertidas por la recurrida en una contestación a interrogatorios que la recurrida le brindó como parte del descubrimiento de prueba realizado ante instancia. Mediante resolución emitida el 8 de diciembre • de 1995 rechazamos tal solicitud y estimamos sometido el recurso para disposición final.
Por los fundamentos que exponemos a continuación procede que deneguemos la expedición del ; auto solicitado.
I
De los autos surge que la orden cuya revisión nos solicita el peticionario fue emitida por el tribunal ¡ de instancia dentro de un pleito de divorcio por trato cruel pendiente ante ese foro e iniciado por la recurrida contra el primero. Como parte del trámite seguido en ese pleito, el 7 de febrero de 1995 el tribunal de instancia emitió una resolución en la que le impuso al peticionario una pensión alimenticia provisional de $630.00 mensuales para beneficio de una menor procreada durante el matrimonio, en lo que se dilucidaba el divorcio. El peticionario no revisó de forma alguna dicho dictamen. Sin embargo, . durante la vista que se celebró en la fecha antes indicada el peticionario consideró necesario realizar descubrimiento de prueba en torno a los ingresos de la recurrida y así procedió. Al recibir la ' contestación a un interrogatorio que le cursó a la recurrida como parte de ese descubrimiento de : prueba, el peticionario estimó que la primera no contestó totalmente lo que se le había preguntado y lo objetó ante el tribunal a quo. Esto dio inicio a varios incidentes sobre el particular que no es necesario describir en detalle aquí y que culminaron cuando el tribunal de instancia le negó al peticionario su solicitud para que la recurrida le entregara la certificación que éste interesaba de Herbarlife, con quien la recurrida mantenía relaciones comerciales.
Por otro lado, en la vista celebrada el 7 de febrero de 1995 el peticionario también le solicitó a ese foro que le permitiera un plan de pago para satisfacer la pensión que el tribunal había fijado con efecto retroactivo a la fecha en que se solicitó. Según expone en su solicitud ante nos, su pedido se justificaba pues en lo que el tribunal emitía su dictamen fijando la pensión pendiente, la recurrida y el peticionario acordaron que este último le satisfaría una pensión mensual de $400.00. Como el tribunal dispuso en su resolución del 7 de febrero de 1995 que la pensión de $630.00 mensuales fuese retroactiva a la fecha en que se solicitó, se produjo una deficiencia acumulada producto de la diferencia entre lo que el peticionario debía satisfacer al tenor de lo dispuesto por el tribunal y lo que había efectivamente satisfecho según lo acordado con la recurrida. Le solicitó al tribunal de instancia el plan de pago para satisfacer la deuda acumulada. El tribunal le denegó este pedido en la resolución recurrida.
II
Ante nos el peticionario le imputa al tribunal de instancia la comisión de los siguientes dos errores:

"Erro(sic) el Honorable de Primera Instancia al declarar que se entendía (sic) contestado el interrogatorio enviado a la parte demandante. Determinación esta (sic) que es contraria a derecho a la luz de las disposiciones de la Ley Especial de Sustento de Menores, Numero(sic) 5 de 30 de diciembre de 1986, de las Reglas de Procedimiento Civil de 1979 y de la Jurisprudencia interpretative sobre el descubrimiento de prueba a tenor con la referida legislación(sic).

Erro (sic) el Honorable Tribunal de Instancia al declarar no ha lugar a [sic] la moción solicitando plan de pagos sin atender a la totalidad de las circunstancias del caso e imponiendo asi(sic) una carga que resulta onerosa para la parte demandada."

En esta etapa de los procedimientos la discusión del primer error señalado es innecesaria pues éste, *1362 a todas luces, se ha tomado académico. Probablemente motivada por la orden de mostración de causa que expedimos el 28 de junio de 1985, la recurrida se dio a la tarea de obtener la certificación de Herbarlife que interesaba el peticionario y finalmente se la entregó, según nos indicaron las partes. El que existan diferencias entre lo expuesto en este documento y las contestaciones a los interrogatorios que le suministrara la recurrida al peticionario no afecta la academicidad de la controversia ante nos. Ello podría justificar el que el peticionario utilizara nuevamente los medios de descubrimiento de prueba para aclarar las dudas que alberga sobre la situación económica de la recurrida, pero no la discusión y adjudicación del error señalado ante este Foro, pues ya no existe controversia alguna que resolver. Después de todo los tribunales existen únicamente para resolver controversias genuinas surgidas entre las partes opuestas que tienen un interés real en obtener un remedio. Pueblo en Interés del Menor M.A.G.O., opinión del 22 de febrero de 1995; 95 J.T.S. 25.
Al considerar el segundo señalamiento de error, resulta evidente que el peticionario lo único que cuestiona es que el tribunal de instancia se negó a concederle un plan para pagar a plazos la deuda que acumuló por concepto de pensión alimenticia, en las circunstancias previamente descritas; no cuestiona la pensión impuesta: Se limita a señalamos que él no incurrió en el atraso voluntariamente, si no que éste surgió por el transcurso del tiempo que le tomó al tribunal determinar la pensión alimenticia que debía satisfacer.
En la evaluación del señalamiento es necesario tener presente que el alimentante no tiene derecho per se a que se le-brinde un plan-de pagos. Quiñones v. Jiménez, 117 D.P.R. 1, 9 (1986). Debido a ello la concesión del plan de pagos recae en la amplia libertad y discreción que poseen los tribunales para fijar pensiones alimenticias y disponer sobre el modo en que se satisfarán. Cf. García v. Tribunal de Distrito, 69 D.P.R. 517 (1949). Si en el ejercicio de esa discreción el tribunal deniega el plan de pago a plazos solicitado, o lo que es lo mismo, se niega a eximir al peticionario de tener que satisfacer de un sólo pago la pensión acumulada adeudada, ese dictamen goza de una presunción de corrección y le corresponde al peticionario que la impugna demostrar que el tribunal abusó de esa discreción. Recuérdese que los tribunales están obligados a ser fuertes y vigorosos en lograr que los padres cumplan con su deber de prestar alimentos. Valencia, Ex parte, 116 D.P.R. 90g, 912 (1986.)
Un cuidadoso examen del recurso presentado revela claramente que el peticionario no ha demostrado que el tribunal haya abusado de su discreción. No ha-indicado de qué forma, si alguna, la decisión del tribunal no responde al sentido de justicia y equidad que debe permear el ejercicio de esa discreción. En esencia se limita a indicamos que el tribunal debió concederle el plan de pagos.
En tales circunstancias procede que se deniegue la expedición del auto solicitado.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96DTA12
1. El señalamiento expone lo siguiente: "Erro(sic) el Honorable de Primera Instancia al declarar que se entendia(sic) contestado el interrogatorio enviado a la parte demandante. Determinación esta (sic) que es , contraria a derecho a la luz de las disposiciones de la Ley Especial de Sustento de Menores, Numero(sic) 5 de ! 30 de diciembre de 1986, de las Reglas de Procedimiento Civil de 1979 y de la Jurisprudencia-interpretativa j sobre el descubrimiento de prueba a tenor con la referida legislación(sic)." J
2. Un pleito académico es aquel en el cual los cambios fácticos o judiciales acaecidos durante el trámite judicial, ; toman en ficticia su solución. Noriega v. Hernández Colón, opinión del 18 de marzo de 1994,'94 JTS 35. ]